Nat Shapo (Admitted *Pro Hac Vice*)
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, IL 60661-3693
Telephone: 312-902-5200
Facsimile: 312-902-1061
Email: nat.shapo@kattenlaw.com

Michael G. Yoder (SBN 83059)
Randall W. Edwards (SBN 179053)
Adam G. Levine (SBN 200522)
Stephanie L. Noble (SBN 260655)
O'MELVENY & MYERS LLP
610 Newport Center Drive, Suite 1700
Newport Beach, CA 92660-6429
Telephone: 949-760-9600
Facsimile: 949-823-6994
E-mail: myoder@omm.com
 redwards@omm.com
 alevine@omm.com
 snoble@omm.com

Attorneys for Plaintiff
COVENTRY FIRST LLC

FILED
CLERK, U.S. DISTRICT COURT

DEC 21 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COVENTRY FIRST LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY (USA), a Michigan corporation,<br><br>Defendant. | Case No. CV 11-01785 SJO (Ex)<br><br>STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION |

WHEREAS Plaintiff Coventry First, LLC ("Coventry") and Defendant John Hancock Life Insurance Company (USA) ("Hancock") are conducting discovery in connection with the above-captioned action;

WHEREAS the parties desire, by entering into this Stipulation and

STIPULATION AND PROTECTIVE ORDER

1  Protective Order, to protect the confidentiality of nonpublic and competitively-
2  sensitive information that may need to be disclosed to adversary parties in
3  connection with discovery in this case pursuant to Fed. R. Civ. P. 26(c) and 45, and
4  to guard against the waiver of attorney-client privilege and work product protection
5  pursuant to Fed. R. Evid. 502(d);

IT IS THEREFORE STIPULATED AND AGREED THAT:

7  1.  Any Party (herein used to refer individually to plaintiff, defendant, and any other party who later appears in this action as a plaintiff or defendant and becomes bound by the terms of this Protective Order) or non-party may designate as "CONFIDENTIAL" any portions of any testimony, documents, records or tangible things – and any copies, abstracts, excerpts or analyses thereof – given, used, served or produced by the Party or non-party in connection with this action, including without limitation in response to formal discovery demands or subpoenas or in compliance with the initial disclosure requirements prescribed by Federal Rules of Civil Procedure 16 and 26(a), that the designating Party or non-party in good faith believes to contain, reflect, regard, or disclose any trade secret, confidential, private, personal or proprietary information. All materials designated as "CONFIDENTIAL" shall be referred to in this Stipulation and Protective Order as "CONFIDENTIAL INFORMATION."

19  2.  A Party or non-party that inadvertently fails to mark an item as CONFIDENTIAL INFORMATION at the time it is given, used, served or produced may correct its failure in writing, accompanied by substitute copies of each item, container or folder, appropriately marked as CONFIDENTIAL INFORMATION, provided such writing and substitute copies are served no later than the discovery cutoff. Once substitute copies have been provided, all copies of the inadvertently unmarked item, container or folder shall be destroyed or returned to the producing Party or non-party.

26  3.  No CONFIDENTIAL INFORMATION shall be made public by the receiving Party or divulged to anyone other than as set forth herein. Absent a specific order by the Court or if the designating Party otherwise agrees, once designated as

1  CONFIDENTIAL INFORMATION, such materials and information shall be used by the
2  Parties solely in connection with this litigation, and not for any other purpose whatsoever,
3  or in any other action, arbitration, hearing, dispute, tribunal or proceeding, for any reason
4  whatsoever.
5      4. CONFIDENTIAL INFORMATION shall be treated by each receiving Party
6  as confidential unless and until the Court rules to the contrary or the designating Party
7  agrees otherwise. Unless and until the Court rules or the designating Party otherwise
8  agrees, and except as set forth in Paragraph 5 herein, access to or disclosure of
9  CONFIDENTIAL INFORMATION shall be limited to the following persons, subject to
10 the qualification provisions contained in 4.d. and 4.f herein:
11      a. the Court and those employed by the Court;
12      b. each of the named Parties to the litigation who has, through that
13          Party's respective counsel, signed this Stipulation and Protective
14          Order (or who has accepted the terms of this Stipulation and
15          Protective Order by the execution of Exhibit A hereto), including
16          any representative of the Party (officers, directors, partners,
17          employees) assisting in the prosecution or the defense of the
18          litigation, and such Party's counsel, including the clerical,
19          secretarial, and paralegal staff employed by such counsel;
20      c. court reporters and employees of court reporters engaged by
21          counsel to record and transcribe testimony in this litigation, and
22          translators engaged for any purpose in the litigation;
23      d. experts and consultants assisting in the prosecution or the defense
24          of the litigation, plus their clerical and secretarial staff provided
25          that such persons have first executed a Confidentiality
26          Acknowledgement in the form attached as Exhibit A hereto;
27      e. authors or recipients of CONFIDENTIAL INFORMATION; and
28      f. persons from whom testimony is taken or is to be taken in the

litigation, either in a deposition or at trial, and their counsel, provided that CONFIDENTIAL INFORMATION may be disclosed to such persons only in the course of his or her testimony or preparation for such testimony, and that such person shall not retain such CONFIDENTIAL INFORMATION after his or her testimony is concluded unless he or she executes a Confidentiality Acknowledgement in the form attached as Exhibit A hereto.

5. Should any non-party serve a subpoena calling for the production of any CONFIDENTIAL INFORMATION on any Party or counsel for a Party who has received such information, the subpoenaed party in such instance shall, within 5 business days, provide notice to the Party that designated the information as CONFIDENTIAL INFORMATION via e-mail or facsimile. It shall be the obligation of the designating Party, prior to the response date on the subpoena, to seek a protective order or any other appropriate relief from the Court if the designating Party wishes to maintain the confidentiality of the material. A designating Party that fails to seek judicial relief to preclude the disclosure of any CONFIDENTIAL INFORMATION in response to a subpoena shall be deemed to have waived any claim of confidentiality with respect to such material.

6. In the case of depositions, if counsel for a Party believes that a portion or all of the deposition constitutes CONFIDENTIAL INFORMATION, counsel may so state on the record and may request that the specific pages which include such CONFIDENTIAL INFORMATION be included in a separate sealed portion of the transcript. The reporter shall be instructed to include on the cover page of each sealed portion the legend: "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith."

7. When testimony designated as CONFIDENTIAL INFORMATION is (or is sought to be) elicited during a deposition, persons not entitled to receive such information

under the terms of this Stipulation and Protective Order shall be excluded from the deposition. Counsel attending a deposition who inadvertently fails to designate any portion of the transcript as CONFIDENTIAL INFORMATION on the record at the deposition may do so within ten (10) court days following mailing of the transcript by the Court reporter to that counsel. Such correction and notice thereof shall be made in writing to the reporter, with copies to all other counsel, designating the portion(s) of the transcript that constitute CONFIDENTIAL INFORMATION and directing the reporter to place that portion under seal as provided in Paragraph 6 herein.

8. In the event a Party wishes to file any CONFIDENTIAL INFORMATION with the Court for any purpose, to the extent practicable, that Party will inform the Party that designated the materials as CONFIDENTIAL INFORMATION so that the designating Party can consider whether to withdraw its confidentiality designation. If the designating party does not withdraw the confidentiality designation, the Party wishing to file the CONFIDENTIAL INFORMATION with the Court must submit such designated materials under seal in conformance with Central District Local Rule 79-5 and any other relevant rules and procedures of this Court. The Parties agree that such use of designated materials does not compromise the designated status of such information, and the Parties agree that any designating Party may seek to have such information maintained by the Court as CONFIDENTIAL INFORMATION.

9. The Parties recognize that a party intending to file documents or materials designated as CONFIDENTIAL INFORMATION by another party may not have information sufficient to support the application to file under seal. Consistent with Central District Local Rule 79-5, the filing Party will need to include such an application with its submission, but the designating Party shall bear the burden of establishing to the Court's satisfaction the confidentiality of any material designated as CONFIDENTIAL INFORMATION, including why the information must be sealed and the prejudice or harm the designating Party will suffer if the material is not granted the protection of being filed under seal. The designating party shall have three (3) full court days to provide any

other than that the testimony or evidence involves CONFIDENTIAL INFORMATION.

13. If during document production, the producing Party inadvertently produces a document entitled to protection under the attorney-client privilege, the attorney work product doctrine, or other provisions of applicable law: (a) the Parties agree that the erroneous or inadvertent production shall not constitute a waiver of such protection as to either the subject matter of the material or as to related documents or communications; and (b) the producing Party may request the return of the inadvertently produced document at any time before the commencement of trial, but no more than ten (10) court days after the document is first marked as a deposition exhibit, identified as a potential trial exhibit, or otherwise identified by any Party in any pleading or correspondence served on all Parties to this action. Any such request shall be made in writing, and shall identify the basis for the claimed protection. If the Party (or Parties) that received the inadvertently produced document agrees that the document is entitled to protection (without regard to its inadvertent production), all copies of the inadvertently produced document shall be returned to the producing Party or destroyed, and no reference to such document shall be made in discovery, at trial, or any other manner. If the Parties do not agree that the document is entitled to protection, the burden is on the producing Party to file an appropriate motion with the Court within twenty (20) court days after the document is first marked as a deposition exhibit, identified as a potential trial exhibit, or otherwise identified by any Party in any pleading or correspondence served on all Parties to this action.

14. This Stipulation and Protective Order shall not prevent a Party from applying to the Court for relief from this Order or any of its terms or provisions, or from applying to the Court for further or additional protective orders.

15. Nothing in this Stipulation and Protective Order shall preclude any person or entity from disclosing or using, in any manner or for any purpose, any information or document if that information or document is lawfully obtained from a third party under no obligations of confidentiality with respect thereto and having the right to disclose such

information. Nothing in this Stipulation and Protective Order shall preclude any person or entity from disclosing or using, in any manner or for any purpose, any information or document if that information or document is publicly available.

16. In the event that additional persons become parties to this action, they shall not have access to CONFIDENTIAL INFORMATION produced by or obtained from any Party or nonparty until the newly joined party or their counsel confirms in writing to all other Parties that they have read this Protective Order and agree to be bound by its terms.

17. The restrictions on use of CONFIDENTIAL INFORMATION set forth in this Stipulation and Protective Order shall survive the conclusion of this litigation and, after conclusion of this litigation, the Court shall exercise limited jurisdiction for the purpose of enforcing this Stipulation and Protective Order.

18. Within thirty (30) days after the final termination of this action, counsel for the receiving Party shall return all copies of the CONFIDENTIAL INFORMATION to counsel for the designating Party, or shall, at the option of the receiving Party, destroy such CONFIDENTIAL INFORMATION, and certify in writing that said destruction has occurred to counsel for the designating Party.

19. The terms of this Stipulation and Protective Order shall be effective and binding upon a party upon the signature of its counsel below.

Dated: December 16, 2011

O'MELVENY & MYERS LLP

By: /s/ Adam Levine
Adam G. Levine
Attorneys for Plaintiff COVENTRY FIRST LLC

Dated: December 16, 2011

BOIES, SCHILLER & FLEXNER LLP

By: /s/ John F. LaSalle
John F. LaSalle
Attorneys for Defendant JOHN HANCOCK LIFE INSURANCE CO. (U.S.A.)

[PROPOSED] ORDER

Pursuant to the foregoing Stipulation and for good cause shown, IT IS SO ORDERED.

Dated: 12/21/11

The Honorable ~~S. James Otero~~ Charles F. Eick
United States ~~District Judge~~ Magistrate Judge

# EXHIBIT A

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COVENTRY FIRST LLC, a Delaware Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> JOHN HANCOCK LIFE INSURANCE COMPANY (USA), a Michigan corporation, <br><br> Defendant. | Case No. CV 11-01785 SJO (Ex) <br><br> **CONFIDENTIALITY ACKNOWLEDGMENT** |

I, _____, hereby acknowledge and declare that:

1. I have received a copy of the Stipulation and Protective Order in this action. I have carefully read and understand the provisions of the Stipulation and Protective Order.

2. I will comply with all of the provisions of the Stipulation and Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Stipulation and Protective Order, and will use only for purposes of this litigation (and not for any other purpose, including any business, competitive, or governmental purpose or function), any CONFIDENTIAL INFORMATION, including the substance and any copy, summary, abstract, excerpt, index or description of such material that is disclosed to me.

3. I will return all CONFIDENTIAL INFORMATION that comes into my possession, and all documents and things that I have prepared relating thereto, to counsel for the Party by whom I am employed or retained or from whom I received such material, when requested by such counsel to do so.

4. I understand that if I violate the provisions of the Stipulation and Protective Order, I may be subject to sanctions by the Court and the Parties, or any

Case 2:11-cv-01785-SJO -E Document 59 Filed 12/21/11 Page 11 of 12 Page ID #:685

1  one of them, may assert other remedies against me. I hereby submit to the
2  jurisdiction of the United States District Court for the Central District of California
3  for the purpose of enforcement of the Stipulation and Protective Order in this
4  action.
5      5.    My address is: _____.
6      6.    My relationship to this case and the Parties thereto is: _____
7  _____
8  _____.
9
10      I declare under penalty of perjury under the laws of the United States
11  of America that the foregoing is true and correct.
12
13  Dated: _____            _____
14                                            (Signature)
15
16                                          _____
17                                          Print Name and Title
18
19
20  OMM_US:70130951.4
21
22
23
24
25
26
27
28

1
# CERTIFICATE OF SERVICE
2      I hereby certify that on December 19, 2011, the foregoing document
3  was electronically transmitted to the United States Court Clerk's Office using the
4  CM/ECF System for filing and transmittal.
5
6
7                                            /s/Adam G. Levine
8                                             Adam G. Levine

CERTIFICATE OF SERVICE
CASE NO. CV 11-01785 SJO (EX)